PAUL J. FISHMAN
United States Attorney

JOHN A. DiCICCO
Acting Assistant Attorney General

ARI D. KUNOFSKY (ADK 4289)
Trial Attorney, Tax Division
U.S. Department of Justice
Ben Franklin Station
Post Office Box 227
Washington, D.C. 20044
(202) 353-9187
Counsel for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:10-cv-4084-JAP-DEA |
| v. | ) | |
| | ) | |
| ROBERT L. GAVETT, Sr.; | ) | |
| 205 Roosevelt Dr. | ) | |
| Cherry Hill, New Jersey, | ) | |
| | ) | |
| ROBERT L. GAVETT, Jr.; | ) | |
| 26 Steinmetz Rd. | ) | |
| Hillsborough, New Jersey, | ) | |
| | ) | |
| SHERYL ANN GAVETT, | ) | |
| 26 Steinmetz Rd. | ) | |
| Hillsoborough, New Jersey, | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT FOR FEDERAL TAXES

Plaintiff, the United States of America, by and through its attorneys, complains of

defendants as follows:

This is a civil action in which the United States seeks to foreclose federal tax liens and judgment liens against the certain real property that Robert L. Gavett, Sr. ("Taxpayer") owns or owned and to sell the property with the proceeds of the sale paid to the United States to be applied against the Taxpayer's liabilities.

## JURISDICTION & VENUE

1.      This civil action is commenced at the request and with the authorization of the Chief Counsel for the Internal Revenue Service, a delegate of the Secretary of Treasury, and at the direction of the Attorney General of the United States, pursuant to 26 U.S.C. §§ 7401 and 7403.

2.       Jurisdiction over this action is conferred upon this court by virtue of 28 U.S.C. §§1331, 1340 and 1345 and 26 U.S.C. §7402(a).

3.      Venue is proper in this district and division under 28 U.S.C. § 1396.

## PARTIES

4.      Plaintiff, the United States of America, is the sovereign.

5.      Defendant Robert L. Gavett, Sr. ("Taxpayer") resides within this judicial district.

6.      Defendant Robert L. Gavett, Jr. resides within this judicial district.

7.      Defendant Sheryl Ann Gavett resides within this jurisdictional district

8.      The real property to be foreclosed is located at 26 Steinmetz Road, Hillsborough, New Jersey, which is within the jurisdiction of this Court.

## COUNT I:
### FORECLOSE FEDERAL TAX AND JUDGMENT LIENS AGAINST REAL PROPERTY LOCATED AT 26 STEINMETZ ROAD, HILLSBOROUGH, NEW JERSEY

9.      The United States incorporates paragraphs 1 through 8 of the complaint as if fully set forth herein.

10.  A delegate of the Secretary of the Treasury of the United States made various individual income tax, penalty, and interest assessments against the Taxpayer for tax liabilities, penalties, and interest, for the years 1980 to 1987 as follows:

| Tax Period | Date of Initial Assessments | Amount of Initial Tax Assessments |
|---|---|---|
| 1980 | 3/14/1994 | $3,628 |
| 1981 | 3/14/1994 | $4,153 |
| 1982 | 3/14/1994 | $5,178 |
| 1983 | 3/14/1994 | $4,776 |
| 1984 | 3/14/1994 | $5,155 |
| 1985 | 3/14/1994 | $5,903 |
| 1986 | 3/14/1994 | $3,423 |
| 1987 | 3/14/1994 | $8,764 |

11.  Proper notices and demands for payment of the assessments described in paragraph 10 were made on the Taxpayer.

12.  Interest, costs, and statutory additions have accrued on the assessments described in paragraph 10 since the dates of assessment, and continue to accrue.

13.  Despite the notices and demands for payment of the assessments described in paragraph 10, the Taxpayer has failed to pay the full amounts due and owing, and as of August 1, 2010 there will remain due and owing to the United States the sum of $460,546.

14.     Federal tax liens arose upon assessment of the income tax liabilities for the years 1980 to 1987 under 26 U.S.C. § 6321.  These tax liens attached to all of the Taxpayer's property and rights to property then owned or thereafter acquired.

15.     By a deed dated February 9, 1977, the Taxpayer and his now deceased wife acquired an interest in certain real property known as 26 Steinmetz Road, Hillsborough, New Jersey, which is the property more fully described in the Deed attached as Exhibit A (the "Real Property").

16.     The federal tax liens identified in paragraph 14 attached to the Real Property on March 14, 1994, the dates of the assessments described in paragraph 10.

17.     Notices of federal tax liens reflecting the Taxpayer's income tax liabilities for the years 1980 to 1987 were filed with the Office of the County Clerk of Somerset, New Jersey, on December 31, 2003.

18.     On September 20, 2004, the United States District Court for the Eastern District of Pennsylvania entered a judgment in favor of the United States and against the Taxpayer in the amount of $225,166.55 plus interest accruing from March 1, 1999 as a matter of law until paid.  The judgment arises from the unpaid income taxes for the

years 1980 to 1987 described in paragraph 10 and the assessment procedures described in paragraphs 10 to 12.

19.     An abstract of judgment reflecting the Taxpayer's income tax liabilities for the years 1980 to 1987 was filed with the Office of the County Clerk of Somerset, New Jersey, on August 14, 2006.

20.     As of August 1, 2010, there remains due and owing to the United States the sum of $460,546 on the judgment described in paragraph 18.

21.     Defendant Robert L. Gavett, Jr. may claim an interest in the Real Property.

22.     Defendant Sheryl Ann Gavett may claim an interest in the Real Property.

23.     To the extent either Robert L. Gavett Jr. or Sheryl Ann Gavett have an interest in the Real Property based starting on February 21, 1996 based on the affidavit attached to Defendant Robert L. Gavett, Sr.'s answer, any such interest would have been acquired subject to the pre-existing federal tax liens against Robert L. Gavett, Sr.

WHEREFORE, the plaintiff, United States of America, prays:

A.  That the Court order and adjudge that the United States of America has valid and subsisting federal tax liens against the property and rights to property owned by Defendant Robert L. Gavett, Sr., including his current or former interest in the Real Property; and

B.  That the Court order and adjudge that the United States of America has valid and subsisting judgment lien against the Real Property whether owned by Defendant Robert L. Gavett, Sr. or Defendants Robert L. Gavett, Jr. and Sheryl Ann Gavett.

C.  That the Court determine the respective interests of the parties in the Real Property;

D.  That the Court order and adjudge that:  **(i)** the federal tax lien against Defendant Robert L. Gavett, Sr. be foreclosed, **(ii)** that the judgment liens attaching to the Real Property be foreclosed, and **(iii)** that the Real Property be sold, according to law, free and clear of any right, title, lien, claim, or interest of any of the defendants herein, and that the proceeds of the sale be distributed in accordance with the rights of the parties determined herein, with the amounts attributable to the interest of Robert L. Gavett, Sr. be paid to the United States to be applied against his liabilities; and

//
//
//

E.  That the Court award the United States such further relief, including the costs

of this action, that the Court deems appropriate.

DATE:  October 15, 2010

> PAUL J. FISHMAN
> United States Attorney
>
> JOHN A. DiCICCO
> Acting Assistant Attorney General
>
> _/s/ Ari D. Kunofsky_____
> ARI D. KUNOFSKY (ADK4289)
> Trial Attorney, Tax Division
> Texas Bar No. 24050897
> U.S. Department of Justice
> Post Office Box 227
> Washington, D.C. 20044
> Telephone: (202) 353-9187
> Facsimile: (202) 514-6866
> Email: Ari.D.Kunofsky@usdoj.gov
>
> _Counsel for the United States_