PAUL J. FISHMAN
United States Attorney

JOHN A. DiCICCO
Acting Assistant Attorney General

ARI D. KUNOFSKY (ADK 4289)
Trial Attorney, Tax Division
U.S. Department of Justice
Ben Franklin Station
Post Office Box 227
Washington, D.C. 20044
(202) 353-9187
Counsel for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:10-cv-4084-JAP-DEA |
| v. | ) | |
| | ) | |
| ROBERT L. GAVETT, Sr., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF THE
UNITED STATES' MOTION FOR SUMMARY JUDGMENT**

The United States files this memorandum in support of its motion for summary

judgment as follows:

1

## PRELIMINARY STATEMENT

Defendant Robert L. Gavett, Sr. ("Taxpayer") owes federal income taxes for the years 1980 to 1987 in the amount of $460,546 as of August 1, 2010.  The United States obtained a judgment against the Taxpayer in 2004 for these taxes.

The United States filed the present suit to foreclose on federal tax liens and judgment liens relating to the tax liabilities against the real property located at 26 Steinmetz Road, Hillsborough, New Jersey ("Real Property").

## STATEMENT OF MATERIAL FACTS
## AS TO WHICH THERE EXISTS NO GENUINE ISSUE

The United States asserts that there are no genuine issues regarding the following material facts:

**A.**     **Tax Liability and Liens.**

1.  A delegate of the Secretary of the Treasury of the United States made various individual income tax, penalty, and interest assessments against the Taxpayer for tax liabilities, penalties, and interest, for the years 1980 to 1987 as follows:

| Tax Period | Date of Initial Assessments | Amount of Initial Tax Assessments |
|---|---|---|
| 1980 | 3/14/1994 | $3,628 |
| 1981 | 3/14/1994 | $4,153 |
| 1982 | 3/14/1994 | $5,178 |
| 1983 | 3/14/1994 | $4,776 |
| 1984 | 3/14/1994 | $5,155 |
| 1985 | 3/14/1994 | $5,903 |

6006771.2

| Tax Period | Date of Initial Assessments | Amount of Initial Tax Assessments |
|---|---|---|
| 1986 | 3/14/1994 | $3,423 |
| 1987 | 3/14/1994 | $8,764 |

(Ex. 101, Certified Transcripts of Account.)

2.  Federal tax liens arose on the dates of each assessment described in paragraph 1, and attached to all the Taxpayer's property and rights to property, including any after-acquired interest in the property.  *See* 26 U.S.C. §§ 6321, 6322.

3.  On September 20, 2004, the United States District Court for the Eastern District of Pennsylvania entered judgment in favor of the United States and against the Taxpayer in the amount of $225,166.55 relating to federal income tax, penalties, and interest for the years 1980 to 1987, plus statutory additions that have and will accrue from March 1, 1999 until the date of payment.  (Ex. 102, Certified copy of Abstract of Judgment.)

4.  The United States filed an abstract of judgment with the Clerk of Somerset County on or about August 14, 2007.  (*Id*.)

6006771.2

**B.**     **Ownership of the Real Property.**

5.  On or about February 9, 1977, the Taxpayer and his wife acquired an interest in the Real Property.  (Ex. 103, Certified copy of 1977 Deed.)

6.  The federal tax liens described in paragraph 2 and the judgment liens described in paragraph 4 attached to the Real Property.  26 U.S.C. §§ 6321-6323; 28 U.S.C. § 3201.

7.  On or about December 14, 1995, the Taxpayer's wife died, and the Taxpayer became the sole owner of the Real Property.  (Ex. 104, Certified copy of Certificate of Death.)

8.  On or about February 21, 1996, the Taxpayer filed a "correction of deed" regarding the Real Property.  (Ex. 105, Certified copy of 1996 Deed.)

9.  Defendants Robert L. Gavett, Jr. and Sheryl Gavett assert they jointly own the Real Property.  (Docket no. 6, Taxpayer's Ans., Ex. D.)  Yet when a search of the Clerk of Somerset County's deed records is performed, there are no results for Sheryl Gavett. (Ex. 106.)

## ARGUMENT

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."  26 U.S.C. § 6321; *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719 (1985).  The United States is then entitled to foreclose its lien upon a taxpayer's property if the taxpayer

6006771.2

"refuses or neglects" to pay the tax.  26 U.S.C. § 7403(a); *United States v. Rodgers*, 461 U.S. 677, 692 (1983).  If the United States seeks to foreclose, the Court must "finally determine the merits of all claims to and liens upon the property."  26 U.S.C. § 7403(c).  Once it makes this determination, the Court should order the sale of the property.  *Id.*

I.      <u>**The United States May Foreclose on its Liens.**</u>

The United States may foreclose its federal tax lien and judgment lien against the Real Property.  The Taxpayer has refused and neglected to pay his income taxes for the years 1980 to 1987.  The federal tax liens arose when these taxes was assessed on March 14, 1994.  26 U.S.C. §§ 6321, 6322.

The federal tax liens attached to the Real Property.  A federal tax lien reaches all of a taxpayer's interest in property at the time the lien arises and as well as any interest in after-acquired property.  *Glass City Bank v. United States*, 326 U.S. 265, 267(1945); *In re Atlantic Bus. & Community Dev. Corp.,* 994 F.2d 1069, 1072 (3d Cir. 1993).  Here the tax liens attached to the entire Real Property because the Taxpayer was the sole owner after his wife's death.[1]

The Court should determine that the United States' tax and judgment liens are valid, that they encumber the Real Property, order that the liens be foreclosed, and decree the sale of the Real Property.  *See* 26 U.S.C. § 7403(c).

_____

[1]  Additionally, the United States' judicial lien attaches to the Real Property to the extent the Taxpayer still owns the property.  A judgment lien arises when the United States files an abstract of judgment.  28 U.S.C. § 3201(a).  The judicial lien reaches all of a judgment lien creditor's real property.  *Id.* at §§ 3201(a), (b).  Here the United States filed an abstract of judgment on August 14, 2006.  (Ex. 102.)

II.    **The United States is Entitled to All the Proceeds of the Sale.**

Upon the sale of the Real Property, the proceeds should be distributed first to the United States to pay the federal income tax liabilities underlying the tax liens and the sale expenses.  The Taxpayer owes $460,546 in income taxes for the years 1980 to 1987 as of August 1, 2010.  (Ex. 107.)  Because the Taxpayer's *Answer* contends that Defendants Robert Gavett, Jr. and Sheryl Gavett are the current owners of the Real Property, any remaining proceeds from the sale after the United States' tax and judgment liens are satisfied should be distributed to Defendants Robert Gavett, Jr. and Sheryl Gavett.

A proposed order of sale is attached.

//
//

6

## CONCLUSION

For the forgoing reasons, the Court should grant the United States' *Motion for Summary Judgment* enter the proposed *Order* and *Order of Sale*.


Dated: October 25, 2010

Respectfully submitted,

PAUL J. FISHMAN
UNITED STATES ATTORNEY

JOHN A. DICICCO
ACTING ASSISTANT ATTORNEY GENERAL

  /s/ Ari D. Kunofsky
ARI D. KUNOFSKY
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 353-9187
Facsimile: (202) 514-6866
Email: Ari.D.Kunofsky@usdoj.gov

*Counsel for the United States*

7

6006771.2