NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Civil Action No. 10-04084 (JAP) |
| v. | : | **OPINION** |
| ROBERT L. GAVETT, SR., et al., | : | |
| Defendants. | : | |

PISANO, District Judge.

This action is brought by the United States of America (the "Government") against defendant Robert L. Gavett, Sr. ("Robert Gavett, Sr."), Robert L. Gavett, Jr. ("Robert Gavett, Jr.") and Sheryl Ann Gavett. Presently before the Court is a motion to dismiss counterclaims and a motion for summary judgment by the Government. Robert Gavett, Sr. opposes the motion for summary judgment, but not the motion to dismiss. The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth herein, the Government's motion to dismiss and motion for summary judgment are granted.

**I.    Factual Background**

On March 14, 1994, a delegate of the Secretary of the Treasury of the Government made various individual income tax, penalty, and interest assessments against Robert Gavett, Sr. for

the years 1980 through 1987.  (Government Exhibit 101).  Despite notices and demands for the payment of these tax liabilities, the Government claims that Robert Gavett, Sr. has failed to pay the amount owing. (Amended Complaint, ¶ 13).  Notice of federal tax liens reflecting Robert Gavett, Sr.'s income tax liabilities for the years 1980 to 1987 were filed with the Office of the County Clerk of Somerset, New Jersey, on December 31, 2003.  (Amended Complaint, ¶ 17).  On September 20, 2004, the United States District Court for the Eastern District of Pennsylvania entered a judgment in favor of the United States and against Robert Gavett, Sr. in the amount of $225,166.55 plus interest accruing from March 1, 1999, as a matter of law until paid.  (Government Exhibit 102).  An abstract of judgment reflecting this judgment was filed with the Office of the County Clerk of Somerset, New Jersey, on August 14, 2006.  (Id.)

As of August 1, 2010, the Government claims that there remains due and owing to the Government the sum of $460,546.00.  (Government Exhibit 107).

By a deed dated February 9, 1977, Robert Gavett, Sr. and his now deceased wife acquired an interest in certain real property known as 26 Steinmetz Road, Hillsborough, New Jersey (the "Hillsborough Property").  (Government Exhibit 103).  On or about December 14, 1995, Robert Gavett, Sr.'s wife died and he became the sole owner of the Hillsborough Property. (Government Exhibit 104).  On or about February 21, 1996, Robert Gavett, Sr. filed a Correction of Deed with the Somerset County Clerk that grants an interest in the Hillsborough Property from "Robert Laurence, Gavett" to "Robert Laurence, Gavett."  (Government Exhibit 105).  On or about October 4, 2010, Robert Gavett, Jr. and Sheryl Ann Gavett signed an Affidavit of Title claiming that they are the only owners of the Hillsborough Property and have been since February 21, 1996.  (Docket Entry No. 8, Exhibit D).

The Government filed the original complaint in this action on August 10, 2010, seeking to foreclose the federal tax liens and judgment liens against the Hillsborough Property. On October 14, 2010, Robert Gavett, Sr. filed a First Amended Answer and Counterclaim making several allegations against the Government including, but not limited to, fraud, racketeering, inland piracy, extortion, denial of due process, collusion, conspiracy and public humiliation. The Government filed a motion to dismiss the counterclaims pursuant to Rule 12(b)(6). Robert Gavett, Sr. does not oppose the Government's motion.

The Government filed a motion for summary judgment on October 25, 2010, claiming that it is entitled to foreclose on the Hillsborough Property and asking the Court to order a sale thereof. Robert Gavett, Sr. opposes the Government's motion for summary judgment.

**II.     Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides a basis by which a party may challenge the sufficiency of a counterclaim. *See* Fed.R.Civ.P. 12(b)(6) (stating that "failure to state a claim upon which relief can be granted" is a defense to a claim for relief). The Supreme Court set forth the standard for addressing a motion to dismiss under Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007). The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 555 (internal citations omitted); *see also Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]." (internal quotation marks omitted)). Therefore, for Robert

Gavett, Sr.'s counterclaims to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact) ..." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

A court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). When evaluating a motion to dismiss for failure to state a claim, district courts conduct a two-part analysis.

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1949-50). A claim for relief will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Fowler*, 578 F.3d at 211 (citations omitted).

Robert Gavett, Sr. is proceeding *pro se*; therefore, the Court is obliged to construe his filings liberally. *Dluhos v. Strasberg,* 321 F.3d 365, 369 (3d Cir. 2003). Despite this relaxed standard, however, the Court finds that Robert Gavett, Sr. has failed to plead any factual content that would allow this court to draw the reasonable inference that the Government is liable for the

conduct alleged in counterclaims 4 through 16.[1]  Reviewing Robert Gavett, Sr.'s filing under the Rule 12(b)(6) standard, the claims in the "counterclaim" portion of his filing are wholly devoid of any factual basis and simply consist of dollar demands coupled with various legal labels. No factual allegations are offered to suggest the grounds of his entitlement to relief.  For this reason, the Court finds that Robert Gavett, Sr.'s counterclaims lack sufficient factual matter, when accepted as true, to state a claim for relief that is plausible on its face.  Accordingly, the Government's motion to dismiss the counterclaims is granted.

Where a claim for relief is vulnerable to Rule 12(b)(6) dismissal "a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004).  This principle applies equally to *pro se* litigants and those represented by experienced counsel.  *Id*.  Given the nature of the counterclaims and the complete lack of factual support provided, the Court finds that allowing further amendment to Robert Gavett, Sr.'s counterclaims would be futile.  *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver,* 213 F.3d 113, 116-17 (3d Cir. 2000).

### III.   Motion For Summary Judgment

A.   Summary Judgment Standard

A court shall grant summary judgment under Rule 56 of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The substantive law identifies which facts are critical or "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

---

[1] Counterclaim 1 is for "failure to state a claim upon which relief can be granted." The Court construes this "counterclaim" as a defense that is part of Robert Gavett, Sr.'s amended answer.  *See* Federal Rule of Civil Procedure 12(b)(6) (stating that "failure to state a claim upon which relief can be granted" is a defense to a claim for relief). Counterclaims 2 and 3 are for "failure to respond" and "default by non-response or incomplete response". The Court construes these "counterclaims" as requests for entry of default pursuant to Federal Rule of Civil Procedure 55(a). Given that Robert Gavett, Sr. has subsequently requested entry of default [docket entry no. 29], the Court considers these requests moot.

248 (1986). A material fact raises a genuine dispute "if the evidence is such that a reasonable jury could return a verdict" for the non-moving party. *Healy v. N.Y. Life Ins. Co.*, 860 F.2d 1209, 1219 n.3 (3d Cir. 1988).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party makes this showing, the burden shifts to the non-moving party to present evidence that a genuine fact issue compels a trial. *Id.* at 324. The non-moving party must offer admissible evidence that establishes a genuine issue of material fact, *id.*, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the non-moving party fails to respond to the moving party's assertion of fact, the court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). The Court shall not "weigh the evidence and determine the truth of the matter," but need determine only whether a genuine issue necessitates a trial. *Anderson*, 477 U.S. at 249. If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine issue of material fact exists, then the Court must grant summary judgment. *Big Apple BMW v. BMW of North America*, 974 F.2d 1358, 1363 (3d Cir. 1992).

B.     Analysis

The Government asserts that a federal tax lien arose in its favor upon Robert Gavett, Sr.'s property on March 14, 1994. "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321;

*United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719 (1985).  "[T]he lien imposed . . . shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time."  26 U.S.C. § 6322.

Robert Gavett, Sr. disputes his tax liability arguing (1) that the transcripts attached to the Government's motion for summary judgment show his last name as "Garett" instead of "Gavett" and (2) that he has not agreed to be a taxpayer.  Robert Gavett, Sr. has already litigated the question of his income tax liability for the years 1980 through 1987 in the District Court for the Eastern District of Pennsylvania, which entered final judgment in favor of the Government.  *See United States v. Gavett*, No. 02-3698 (E.D. Pa.), 94 A.F.T.R. 2d 2004 – 6377, *1 – 2 (E.D. Pa. Sept. 16, 2004).  The doctrine of *res judicata* bars claims that were brought or could have been brought in a previous action.  *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008) (citing *Post v. Hartford Ins. Co.,* 501 F.3d 154, 169 (3d Cir. 2007) (overruled on other grounds)).  It "protect[s] litigants from the burden of relitigating an identical issue with the same party or his privy and ... promot[es] judicial economy by preventing needless litigation."  *Id.* (citing *Post*, 501 F.3d at 169).  The doctrine of *res judicata* bars Robert Gavett, Sr. from disputing his liability for his income taxes for the years 1980 through 1987.  Accordingly, the Court finds there is no dispute that a tax lien arose in the Government's favor upon Robert Gavett, Sr.'s property on March 14, 1994.

Next, the Government claims that it is entitled to foreclose its tax lien upon Robert Gavett, Sr.'s property.  If a taxpayer "refuses or neglects" to pay his tax liability, the Government is entitled to foreclose its lien upon that taxpayer's property.  *See* 26 U.S.C. § 7403(a); *United States v. Rodgers*, 461 U.S. 677, 692 (1983).  There is no dispute that Robert Gavett, Sr. has

refused to pay his income tax liability; therefore, the Court finds that the Government is entitled to foreclose its lien upon his property.

Finally, the Government argues that it is entitled to foreclose its tax lien upon the Hillsborough Property. A federal tax lien reaches all of a taxpayer's interest in property at the time the lien arises, as well as any interest in after-acquired property. *Glass City Bank v. United States*, 326 U.S. 265, 267 (1945); *In re Atlantic Bus. & Community Dev. Corp.*, 994 F.2d 1069, 1072 (3d Cir. 1993). There is no genuine dispute that Robert Gavett, Sr. owned the Hillsborough Property on March 14, 1994, when the federal tax lien arose. However, Robert Gavett, Sr. claims that Robert Gavett, Jr. and Sheryl Ann Gavett "have been the owners since February 20, 1996 by way of a deed filed in the Somerset County . . . therefore claiming ownership and full interest in the property." (docket entry no. 21, ¶ 8). The Correction of Deed relied on by Robert Gavett, Sr. purports to grant a "common law lien" on the Hillsborough Property called a "tender of amends" from "Robert Laurence, Gavett" to "Robert Laurence, Gavett." Although the Correction of Deed cites cases supposedly supporting the principle that a "tender of amends" supersedes mortgages and equity liens, the cases are inapposite. Robert Gavett, Sr. has provided no legal basis for a "tender of amends," and the Court can find no legal basis for it under New Jersey law. Robert Gavett, Sr. cannot create a property interest merely by inventing one in an attempt to defeat other interests asserted against his property. The Court finds that there is no genuine issue of fact with respect to whether Robert Gavett, Sr. is the owner of the Hillsborough Property. Accordingly, the Court grants the Government's motion for summary judgment.

**IV.   Conclusion**

For the reasons above, the Government's motion to dismiss counterclaims and motion for summary judgment are granted. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: May 10, 2011